**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**
**CINCINNATI, OHIO**

**GRANGER PLASTICS COMPANY**
An Ohio corporation
1600 M.A.D.E. Drive
Middletown, Ohio 45044,

               **Plaintiff,**

     vs.

**BLUEWATER ATU LLC**
A New Mexico limited liability company
24 Calle De Maya
Placitas, New Mexico 87043
       **Registered Agent:**
          Collins & Co., LLC
          c/o New Mexico Secretary of State
          New Mexico Capitol Annex North
          325 Don Gaspar, Suite 300
          Santa Fe, New Mexico 87501

**BLUEWATER ATU LLC**
2441-Q Old Fort Parkway
Suite 314
Murfreesboro, Tennessee 37128-4162

**ROBERT COLLINS**
c/o Bluewater ATU LLC
2441-Q Old Fort Parkway
Suite 314
Murfreesboro, Tennessee 37128-4162

**DEBORAH COLLINS**
c/o Bluewater ATU LLC
2441-Q Old Fort Parkway
Suite 314
Murfreesboro, Tennessee 37128-4162

**DOUGLAS COCKBURN aka DOUGIE COBURN**
109 Fox Den Way
Murfreesboro, Tennessee 37130-6910

**CASE NO.** 1:17-cv-314

**<u>COMPLAINT WITH JURY DEMAND ENDORSED HEREON</u>**

and

**VARIOUS JOHN DOES and JANE**
**DOES 1-10**

                    **Defendants.**

        Granger Plastics Company seeks relief under federal statutory law, case law and common

law for certain conduct including fraudulent conveyance, fraudulent inducement, tortious

interference with business, fraud and misrepresentation and other tortious conduct.  The plaintiff

states its causes of action as follows:

                    <u>JURISDICTION AND VENUE</u>

        1.      This is a civil action for damages and other appropriate relief brought pursuant to

the authority of 18 U.S.C. §§ 1961-1968.  Claims are also made under Ohio Revised Code

Sections 1303 <u>et. seq.</u>, 1304 <u>et seq.</u>, 1305 <u>et seq.</u>, 1309 <u>et seq.</u>, 2923.01, 2923.32, 2923.33,

2923.34, 2923.35, 2923.36, 1129.02 and other causes arising under Ohio's common law.

        2.      Defendants' acts and practices of which Plaintiff complains and which give rise to

the liabilities hereinafter truthfully pled have occurred in the State of Ohio, and as set forth

below are actionable under Ohio's Uniform Commercial Code, Ohio's Racketeering Influenced

Act, common law fraud, Racketeer Influenced and Corrupt Organizations Act. (See Exhibit R

attached hereto)

        3.      Furthermore, Plaintiff is a manufacturing company in the State of Ohio, having its

business located in Butler County, State of Ohio.

        4.      Defendants Douglas Cockburn, Robert Collins and Deborah Collins are residents

of the State of Tennessee or have their principal of business in the State of Tennessee, and have

                                2

transacted business with Granger Plastics using the U.S. Mails, interstate telephone services, and the internet used in interstate commerce.

5.     The acts and transactions constituting the violations of federal, state and common law complained of herein have occurred and unless restrained and enjoined or otherwise redressed will continue to occur in the Southern District of Ohio, Western Division and elsewhere and have been carried out by the use and means and instrumentalities of interstate commerce and the mails.

6.     The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

7.     Venue is appropriate in the district pursuant to 28 U.S.C. §1391(b), because during relevant time, Plaintiff and Defendants have contractually agreed to the jurisdiction being in the State of Delaware, Defendants were doing business in or had agents or transacted their illegal conduct in various districts of the United States.  Venue is also appropriate in this district because this is the judicial district in which the parties have submitted themselves.

## PARTIES

8.     Plaintiff Granger Plastics Company Inc., is an Ohio corporation, (hereinafter referred to as "Granger" and/or "Plaintiff") with its principal place of business located at 1600 M.A.D.E. Drive, in the City of Middletown, Butler County, State of Ohio.

9.     Defendant Bluewater ATU LLC, is a New Mexico limited liability company (hereinafter referred to "Bluewater"), with its principal place of business in Sandoval County, State of New Mexico and a mailing address of 24 Calle De Maya, Placitas, New Mexico 87023. Defendant's Registered Agent is: Collins & Co., 33 Pasco De San Antonio, Placitas, New Mexico 87043, a company owned by Defendant Robert Collins.  Defendant Bluewater ATU also

maintains a business facility at 2441-Q Old Fort Parkway, Suite 314, Murfreesboro, Tennessee 37128.

10.    Defendant Douglas Cockburn aka Dougie Coburn ("Defendant Cockburn"), is an officer/manager representing Bluewater ATU LLC, who in his individual capacity was involved in the formation of the enterprise to defraud Plaintiff Granger.  Defendant Cockburn is a resident of the State of Tennessee and has a place of business located at 2441-Q Old Fort Parkway, Suite 314, Murfreesboro, Tennessee 37128.

11.    Defendant Robert Collins ("Defendant Robert") claims to be chairman and owner of Bluewater ATU LLC, who in his individual capacity was involved in the formation of the enterprise to defraud Plaintiff Granger.  Defendant Robert is a resident of the United Kingdom and has a place of business located at 2441-Q Old Fort Parkway, Suite 314, Murfreesboro, Tennessee 37128.

12.    Defendant Deborah Collins ("Defendant Deborah") is a member of Bluewater ATU LLC and the wife of Defendant Robert Collins, who in her individual capacity was involved in the formation of the enterprise to defraud Plaintiff Granger.  Defendant Deborah is a resident of the United Kingdom and has a place of business located at 2441-Q Old Fort Parkway, Suite 314, Murfreesboro, Tennessee 37128.

13.    Various unknown John Does and Jane Does, whose names are not specifically known at this time.

### FACTS COMMON TO ALL COUNTS

14.    On or around October 22, 2013, Defendants sought the manufacturing services of Granger to provide the manufacture of parts, labor and materials for Bluewater ATU – Aerobic Wastewater Treatment Units and Turbo Units. (See Exhibit F attached hereto)

15. On or about November 11, 2015, Defendant Bluewater entered into a contract with Granger to provide the manufacture, labor and materials for Bluewater ATU LLC per "Confidential Purchase/Manufacturing Agreement (See Exhibit A attached hereto).

16. As a part of said Ext. A agreement, Granger was to build molds for the manufacture of the parts required by Defendant Bluewater. The expense of manufacture was to be advanced by Granger which was based upon Bluewater's promises for production by Granger.

17. Granger has performed in accordance with the agreement to advance expenses for the construction of molds and has constructed said molds in accordance with the dictates of Bluewater.

18. Under the Ext. A agreement between the parties, Bluewater was to submit one hundred (100%) percent of the list price for product from Granger to be paid before delivery. (See Exhibit G attached hereto)

19. On March 14, 2016 through September 30, 2016, Granger submitted the invoices for expenses incurred on shipped finish goods. However, Bluewater failed to timely pay said invoices.

20. Under Ext. A agreement, Bluewater was to provide a Certificate of Liability Insurance in which Granger is to be designated as an additional insured for comprehensive liability insurance.  Said Certificate of Liability Insurance was to include products/completed, operation liability coverage and contract liability in minimum amounts of $3,000,000 per occurrence for damage, injury and/or death to persons and $3,000,000 per occurrence damage for injury/property (See Exhibit A).  However, Bluewater has failed to provide said Certificate of Liability Insurance.

21.     On November 23, 2016, Granger notified Bluewater by certified mail of the breaches as to the invoices and the insurance certificate (See Exhibit B attached hereto)

22.     Defendant Bluewater acknowledged receipt of the certified letter on November 25, 2016 through written acceptance of the notice (See Exhibit C attached hereto)

23.     Bluewater on December 15, 2016 sent a facsimile to counsel for Granger acknowledging receipt of the notice of breach of contract (See Exhibit D attached hereto)

24.     Bluewater in its facsimile states that it was not able to proceed on the product per engineering calculations (See Exhibit D)

25.     Previously during November 2015, Bluewater had provided and approved all the engineering during face-to-face meetings at Granger Plastics Co., Middletown, Ohio which had lasted from November 9 through November 12, 2015. (See Exhibit H attached hereto)

26.     In early December 2015, Bluewater demanded revisions that delayed the project through January 2016.

27.     During November 2015 at meeting at Granger Plastics Co., as part of the proposed business arrangement, Bluewater wanted Granger to invest in communications software (Xero) to facilitate seamless communications between the parties, which was proposed to cost Granger approximately $40,000 in expenses.  Granger did not invest in said software as Bluewater, as a condition precedent, needed to complete website and accounting infrastructure. (See Exhibit I attached hereto)

28.     During November 2015 meeting, Granger provided Bluewater technical information pertaining to website SEO necessities for websites.  Granger provided additional SEO assistance from December 2015 through late May 2016 wherein it was discovered Bluewater was running fundraising campaigns on the internet which was cancelling all efforts by

Granger. Bluewater had not notified Granger of this action which was counter-productive to Granger and costs in the amount of $45,000.

29.     In order to meet Bluewater's production demands for the assembling of 30,000 Turbo units per year, Granger caused an agreement to be made with Goodwill Industries to supply personnel with the approval of Bluewater after a Granger and Bluewater toured the Goodwill Industries' facility, to supply the necessary support workforce and work space; Bluewater failed to provide the necessary work orders to fulfill their promised production, thus causing the contract with Goodwill Industries to be cancelled, which injured Granger's business reputation with this valuable workforce.

30.     In February 2016, Granger began the manufacturing process per approval of Bluewater, wherein it was necessary for Granger to devote its full-time efforts to the production of molds for a six month period; said production time forced Granger to reject or delay its ordinary business production as result of Bluewater's demands; Granger has expended approximately $350,000 towards the efforts to meet Bluewater's demands, while rejecting its ordinary business customers in an amount that historically is $500,000.

31.     After the production of the molds was completed in August 2016, Bluewater requested that inventory, which was to be produced, but not invoiced to Bluewater until orders were received by Bluewater. (See Exhibit J attached hereto)

32.     On May 8, 2015, Bluewater during a conference at the home of Defendant Cockburn with the use of Skype including Defendant Collins informed Granger that it had the necessary financing from sources in the United Kingdom and New York amounting to $3,000,000 for this project; Granger relied upon these representations and the promised request of production of five(5,000) thousand units 600-gallon ATU, five (5,000) thousand units of 900-

gallon ATU, and thirty (30,000) thousand Turbo Units annually to Bluewater. (See Exhibit K attached hereto)

33.     Granger in response to the demands of Bluewater for production, was further required to purchase four 45 foot storage containers at a cost of $3,189.00 each. These storage containers were bought by Granger beginning May 20, 2016 through July 18, 2016 in the amount of $22,327.73.  (See Exhibit L attached hereto)

34.     During a visit by Cockburn to Granger Plastics Co. during the date of assembly time that Bluewater required, Defendants provided a verbal direction for needed units; thereafter, when the units were produced Defendant Robert Collins emailed Granger Plastics Co. providing different instructions. (See Exhibit M attached hereto)

35.     Bluewater shipped to Granger massive amounts of media for the ATU units which had to be handled many times and occupies approximately 4000 square feet of space at Granger's plant which is costing approximately $9,680 per month in lost sales and production space.  Included in ATU needed media was materials Bluewater purchased for business dealings outside of Granger contract.  Bluewater, without notice had media shipped to Granger to store and ship per Bluewater instructions in spite of no agreement between them on this and expected such services at no cost.  One shipment of such did take place September 28, 2016.  The balance of this inventory is still being stored at Granger. (See Exhibit N attached hereto)

36.     On December 28, 2016, Granger further advised that Bluewater had not cured the breach of contract by failing to pay outstanding invoices (See Exhibit E attached hereto); Bluewater has failed to respond to said notice nor has it made any efforts to meet the promises of production previously made.

## SUMMARY OF THE ACTION AND THE UNLAWFUL PLAN AND SCHEME OF DEFENDANTS

37.     This action is brought by Plaintiff to redress the damage it has suffered and to prevent the infliction against its business of further damage as a result of Defendants' conversion, and misappropriation from Plaintiff of its monies and properties by unlawful means; the unlawful plan, scheme, and conspiracy entered into by the Defendants, planned, schemed, and conspired with a principal objective to unlawfully convert, misappropriate, take and divert monies and property from Plaintiff, Biodegester (Martin Newbury), Warden BioMedia (Mark Barrett), and Goodwill Industries; by misleading and deceiving Plaintiff regarding necessary financial commitments causing Plaintiff to make contractual commitments which created significant damages to reputation and expenses by reason of reliance upon statements and conduct of the Defendants; Defendants failed to provide the necessary financing, production orders and promised purchases causing injury to Plaintiff and others; the conduct of the Defendants was intentional and was done to obtain the property of Plaintiff and others, who pledged assets after Defendants denied Plaintiff of their promise to make it the parts manufacturer of the company and an interest in the business property; Defendants have full knowledge that their conduct would cause damage to Plaintiff; Defendants have converted and misapplied product received from Plaintiff and others; Defendants have used the United States mail, internet, interstate commerce and telephone as a means to communicate their scheme to Plaintiff and others. It is further alleged that Defendants have participated in economic espionage and theft of trade secrets from others in an effort to benefit their scheme to take advantage of Environmental Protection Agency dictates for treatment of waste water sewage.  The combination of the theft of trade secrets and the use of the U.S. Mail, internet, interstate

commerce and telephones by Defendants constitute a pattern of racketeering activity having

occurred on multiple occasions over the past two years. (See Exhibit O attached hereto)

**THE CONSPIRACY IS FORMED TO DEFRAUD PLAINTIFF**

38.     As a part of their business on or around November 11, 2015, Defendant-Robert

Collins on behalf of Bluewater though mail/email/telephone proffered to Plaintiff that if it would

pledge its properties including plans, patents and other relevant documents for the development

and production of advanced treatment units for septic tanks and small wastewater plants, make

use of its experience in the advanced treatment unit business, financing, work effort and

reputation through use of Bluewater as an enterprise, it would cause stability for the

implementation of the business plan in which profits could be recognized according to their

projections.  Defendants offered to Plaintiff the business opportunity that logically would be

necessary to provide a minimum of benefit of efforts of Plaintiff by reason of its expertise, skills

finances and contacts in business.  At all times relevant, Defendants used the United States Mail,

the internet, interstate commerce and communicated via telephone service provided and licensed

by the United States government.

39.     Robert Collins and Douglas Cockburn provided Granger Plastic Co. with

drawings and technical data from Biodigester, Defendants altered the same materials under the

name of Bluewater removing the Biodigester name; Defendants stated that they had licensing

agreement for the United States and Canada were duplicate Biodigester's Warden BioMedia

which was a patented product.

40.     Defendants had represented that at all times that they were in a position to afford

the necessary support through legal representations, business contacts and financial resources to

the success of Plaintiff in its efforts to bring the projected production of parts and assembling of

units for the advanced treatment unit business and equipment by reason of its promise of the viability of the goods and property. Defendants are organized to provide this type of sales to the business community for the purpose of providing necessary supplies of advanced treatment units to the commercial businesses throughout the domestic United States and Canadian markets.

41.     Defendants offered incentives to Plaintiff that would enhance the progress of its business in accordance with the business plan presented to Plaintiff under an arrangement that Plaintiff would extend financing for the labor, materials, building molds, supplying storage space, assembly of units and providing engineering, all in conjunction with the business plan.

42.     Plaintiff committed to Defendants an amount of $300,000 necessary to finance the business plan that the Defendants had projected through the commitment of advancement of funds of Plaintiff personal and real property. (See Exhibit P attached hereto)

43.     Defendants caused Plaintiff to pursue certain types of financial arrangements in the development of the business plan for the manufacturing process of the advanced treatment units and its sales and Plaintiff as contractor, and utilizing the assets of Granger.

44.     At all times relevant and upon the request of the Defendants, plans were submitted to the Defendants based on alleged drawings and specifications that were received via espionage or theft from others in violation of U.S.C. 18 §§ 1831 and 1832 for the purpose of approval as to the course of action to achieve success in the proposed business by Plaintiff.

45.     Plaintiff was caused to rely upon the advice and direction of Defendants by reason of their position and influence upon the outcome of the perceived business plan for advanced treatment units.

46.     Defendants caused Plaintiff to take actions on matters that were not consistent with the business plan submitted by Plaintiff.

47.     The scheme of the Defendants was such that by not providing the proper product plans and documents supporting the development of units necessary to carry out the business plan, Defendants made it impossible for Plaintiff to succeed in the business plan through Defendants' control of the conduct of business.

48.     Defendants used threats that Plaintiff had not conformed to their requests for industry approved plans for the development of parts of the advanced treatment units that would not meet required standards by government agencies federally and in various states; said coercion was for the purpose of benefitting the defendants that they would not have to pay to have the submitted necessary plans to be approved on their behalf.

49.     Plaintiff was to be paid a surcharge on all units produced for the advancement of funds, labor, materials, design development, molds and storage, which was based upon the promises of the defendants.

50.     Defendants were advised that they had breached the agreement through a notice by certified mail on behalf of Plaintiff.

51.     Plaintiff has sought to resolve the breaches of the agreement, but Defendants have failed to act.

## FIRST CAUSE OF ACTION
### (Conversion)

52.     Plaintiff re-alleges the allegations contained within paragraphs 1 through 51 as if fully rewritten herein.

53.     During March 14, 2016 through February 15, 2017, Defendant converted to its own use labor and materials for the manufactured custom products/parts provided by Plaintiff.

54.     The labor for the manufactured custom parts along with materials has taken place and demands for the money owed have gone unanswered.

55. Defendant has converted the use of Plaintiff's labor and materials for its own use, depriving Plaintiff of its funds.

## SECOND CAUSE OF ACTION
### (Fraud and Misrepresentation)

56. Plaintiff re-alleges the allegations contained within paragraphs 1 through 55 as if fully rewritten herein.

57. Defendant through a scheme of suggesting that it would pay for the labor and materials performed by Plaintiff in accordance with the Agreement, did take value for not paying for services from Plaintiff in order to convert it to their own use without providing the contracted amount or outstanding payment as alleged above.

58. Plaintiff further alleges that Defendant induced Plaintiff through fraud and misrepresentation to enter into the contract which is the subject of the within action in that Defendant Bluewater ATU LLC represented on November 11, 2015 that it had the authority to enter into a contract on behalf of Bluewater ATU LLC, when in fact Defendant used said agency to defraud Plaintiff of its labor and money.

59. Plaintiff has been denied the use of its funds, which has caused business losses seeking award of the losses with interest according to law.

60. Plaintiff seeks further relief under Ohio Revised Code §4113.61.

## THIRD CAUSE OF ACTION
### (Money Owed on Account)

61. Plaintiff re-alleges the allegations contained within paragraphs 1 through 60 as if fully rewritten herein.

62.    Defendants owe Plaintiff the principal sum of $28,466.86, according to the Agreement and invoices attached hereto as Exhibits A and B and incorporated herein by this reference.

## FOURTH CAUSE OF ACTION
### (Unjust Enrichment)

63.    Plaintiff re-alleges the allegations contained within paragraphs 1 through 62 as if fully rewritten herein.

64.    Plaintiff provided to Defendant services having a principal value of an amount greater than $28,466.86, but Defendants have refused, and continue to refuse to make payment for such services. (See Exhibits R, S, T & V attached hereto)

65.    As a result, Defendants have been unjustly enriched in the principal sum of an amount greater than $28,466.86.

## FIFTH CAUSE OF ACTION
### (Conduct of Enterprises' Activities Through A Pattern of Racketeering Activity)

66.    Plaintiff re-alleges the allegations contained within paragraphs 1 through 65 as if fully rewritten herein.

67.    During the period of November 2015 through January 2017, Defendant Robert Collins, Defendant Deborah Collins, and Defendant Cockburn operated as officers of Bluewater, was an enterprise engaged in and whose activities affect interstate commerce, did conduct and participate in its affairs through a "pattern of racketeering activity," as that term is defined in 18 U.S.C. § 1961(1) and 1961(5), and in so doing, violated 18 U.S.C. § 1962 thereby injuring Plaintiff Granger in its business and property. Plaintiff has identified Defendants Robert Collins, Deborah Collins and Cockburn, along with potential additional individuals known as John Does and Jane Does.  Plaintiff believes that there may be other individuals that are liable for the

conduct of the enterprise through its direction of its operation, including other staff and other members of Bluewater.

68.      The enterprise is in a limited liability company composed of  individuals, as officers and managers whose purpose is to conduct for the affairs of the limited liability company including managing assets and distribution of assets to the Trust beneficiaries, but conducted business in a manner which included frivolous lawsuits, selling off assets at reduced values to benefit members of the enterprise, and unlawfully report values of properties to taxing authorities and to deprive certain beneficiaries of valuable assets all to the benefit of the members of the enterprise.

69.      Defendants Robert Collins, Deborah Collins, and Cockburn, are employed as officers and managers of the alleged enterprise; Defendants Robert Collins, Deborah Collins, and Cockburn are holders of ownership interests in Bluewater, which who received a beneficial interest in the assets of the enterprise to the detriment of Granger and Bluewater as the company was made to shield their scheme.

70.      Defendants are entities separate from the composition of the enterprise.

71.      Plaintiff states that Defendants are the perpetrators of the alleged racketeering activity that unlawfully seek to use assets, monies, labor and knowledge of Biodigest and Warden BioMedia, including Granger and conduct business transactions in order to deprive Granger of its property in the State of Ohio through the use of their capacities as officers and recipients of value and being active instruments of the enterprise of the racketeering activities.

72.      As alleged in paragraphs 1 through 76 above and incorporated herein by reference, Defendants acting as a group and constituting an enterprise as that term is defined in 18 U.S.C. § 1961(4), willfully and knowingly devised a device, artifice and a scheme to defraud

Plaintiff Granger by means of false pretenses, representations, or promises for the purpose of obtaining and did obtain from plaintiff money and/or property in a manner prohibited by 18 U.S.C. §§ 1341 and 1343 and thereby violated 18 U.S.C. § 1962.

73.     As a part of Defendants' scheme and artiface, the used the United States mail on June 30, 2015 and August 26, 2016 to further their efforts to continue to defraud Granger Plastics Company.

74.     Defendants used the United States Postal Service by mailing, or by causing to be mailed, for the purpose of executing the scheme or plan to defraud.

75.     Plaintiff Granger and others believed and relied upon said false and misleading statements and in doing so were induced to give Defendants monies and other valuable property.

76.     By reason of the foregoing, defendants devised and participated in practices, schemes, artifices, devises and conduct which constitutes "racketeering activity" as defined in 18 U.S.C. § 1961(1) and operated as a fraud and deceit upon Granger and as result of which Defendants obtained monies and other valuable property from Plaintiff and others.

77.     In the course of and in furtherance of Defendants' enterprise and scheme to defraud Granger Plastics Company, Defendants utilized or caused to be utilized the United States Mail and facilities in interstate commerce on two or more occasions and thereby violated 18 U.S.C. §§ 1342, 1343 and 1962 through Defendants communications and transactions with Granger.

78.     By reason of the Defendants' violation of 18 U.S.C. §§ 1341, 1343, and 1962 as alleged above, Granger Plastics Company directly and proximately was injured in its business and property.  The damages sustained by this Plaintiff are believed by it to exceed the sum of

$5,000,000 plus interest and costs. And each Defendant is liable jointly and severely in an amount exceeding $2,000,000.

## SIXTH CAUSE OF ACTION
### (VIOLATION OF 18 U.S.C. § 1962(a))

79.     Plaintiff re-alleges the allegations contained within paragraphs 1 through 78 as if fully rewritten herein.

80.     For the purpose of executing the aforesaid scheme to defraud, or attempting to do so, defendants utilized or caused to be utilized, the United States Mail and facilities in interstate commerce on two or more occasions and thereby violated 18 U.S.C. §§ 1341, 1343 and 1962.

81.     Plaintiff states that the alleged pattern of racketeering described above and the enterprise described above are separate and have not been merged into one entity.

82.     The enterprise which operates under Bluewater was created by Defendants Robert Collins, and Deborah Collins and Douglas Cockburn, to manage the business under the guise of producing and selling septic tank cleansers/scrubbers. Assets were comprised of those items of plans, drawings, and measurements of molds and produced products designed by Granger and others. Granger is a manufacturing facility which produces rotationtionally molded plastic products for customers and its own product sales and distribution. Granger did have an Ext. A agreement with Defendant Bluewater for the design, tooling, production, and assembling of certain productions for remediation of septic tanks. Said agreement was based upon representation of the members of Bluewater as to necessary production demands, which required commitment of significant time, effort, labor, investment of funds, materials of Granger. Furthermore, Defendants required Granger to engage outside assistance with its plans, at the expense of Granger. This was subsequently was identified as delaying tactic to deprive Plaintiff of its funds. A similar act took place when the Defendants sought to have Granger Plastics

17

Company to perform additional manufacturing of its alleged products in Canada. Racketeering activity, was put in action when Defendants misrepresented as to the proposed purchase of production of parts and their distribution which were produced, but not purchased, which sought to deprive Granger of its property and income through misrepresentations for the distribution and purchases. Further, racketeering activity is identified when Defendants sought to use the assets of Granger for the purposes of depriving funds rightfully of Granger.

83. Enterprise derived benefits through the pattern of racketeering by receiving property and monies of Granger, which was not indebted to the enterprise. This method was to bolster the transfer of assets and items of value in contradiction to the terms of the contract agreement, which goes beyond the bounds of the contract and agreement between the enterprise (Bluewater) and Granger.

84. The conduct of the enterprise, Bluewater, has effected interstate commerce particularly from November 11, 2015 through at least February 28 2017, where it interfered with business described therein. Furthermore, it has affected the ability of Granger to perform its business on behalf of its other customers by reason of false and misleading conduct to the detriment of the company in the performance of its duties and for the benefit of its shareholders.

85. Defendants violated 18 U.S.C. § 1962(a) when each named Defendant through Bluewater derived income from their pattern of racketeering activity by selling products based upon their illegal receipt of drawings and specification of products that they sought to have Plaintiff manufacture the products without paying any benefit to any party thus denying the return of investment, labor, materials and profit due to Granger and other parties.

86. Defendants through Bluewater used the above earned income for the furtherance of their scheme and pattern of conduct.

87.     During the period of November 2015 through January 2017, Defendants did conduct and participate in the affairs of said Bluewater, an enterprise engaged in and whose activities affect interstate commerce, through a "pattern of racketeering activity," as that term is defined in 18 U.S.C. §§ 1961(1) and 1961(5), through a scheme, artifice and devise to defraud and, in so doing, injured Granger in its business and property.  The damages sustained by Plaintiff are believed to exceed the sum of $10,000,000 plus interest and costs.

## SEVENTH CAUSE OF ACTION
### (VIOLATION OF 18 U.S.C. § 1962(b))

88.     Plaintiff re-alleges the allegations contained within paragraphs 1 through 87 as if fully rewritten herein.

89.     Bluewater is an enterprise engaged in and whose activities affect interstate commerce.

90.     Defendants Robert Collins, Deborah Collins, Cockburn, and Bluewater, through Bluewater acquired and maintained interests in and control of the enterprise through a pattern of racketeering activity.  Members of the Bluewater LLC through espionage, theft and misrepresentation, acquired, without consent, drawings and plans patent materials to produce their alleged product through this pattern of racketeering activity. (See Exhibit W attached hereto)

91.     The racketeering activity listed above constitutes a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5).

92.     Defendants sought to continue their activity by continuing to participate in interstate and foreign commerce by selling product in the various states and Canada.

93.     This conduct has been ongoing since November 2015 to the present.

19

94.     As a direct and proximate result of the above racketeering activities and violations of 18 U.S.C. § 1962(b), Plaintiff has injured in their business and property in that Plaintiff has suffered significant losses of property, time, labor, materials and profits in an amount exceeding $2,000.000.

95.     Plaintiff is entitled to actual damages, treble damages, and attorney's fees.

## EIGHTH CAUSE OF ACTION
## (VIOLATION OF 18 U.S.C. § 1962(c))

96.     Plaintiff re-alleges the allegations contained within paragraphs 1 through 95 as if fully rewritten herein.

97.     By reason of Defendants Robert, Deborah, Cockburn and various John Does and Janes Does 1-10 participation in pattern of racketeering activity as an enterprise through Bluewater, they are liable under this subsection individually and severally.

98.     Defendants Robert, Deborah, Cockburn through Bluewater is both the liable "person" and the "enterprise" under 18 U.S.C. § 1962(c).

99.     As a direct and proximate result of the above racketeering activities and violations of 18 U.S.C. § 1962(b), Plaintiff has injured in their business and property in that Plaintiff has suffered significant losses of property, time, labor, materials and profits in an amount exceeding $2,000.000.

100.    Plaintiff is entitled to actual damages, treble damages, and attorney's fees.

## NINTH CAUSE OF ACTION
## (VIOLATION OF 18 U.S.C. § 1962(d))

101.    Plaintiff re-alleges the allegations contained within paragraphs 1 through 100 as if fully rewritten herein.

102.    Plaintiff has described the pattern of racketeering activity above, which shows that Bluewater as the enterprise and its members Robert Collins, Deborah Collins, Cockburn and various John Does and Jane Does 1-10 conspired to deprive Granger of its business, property and income through a series of frauds, misrepresentations, illicit gotten designs and specifications for their financial gain.

103.    The violation of RICO caused such injury to Plaintiff's business and property, including loss of working capital, resources of personnel, production space and raw materials.

104.    Plaintiff sustained damages and suffered significant losses of property, time, labor, materials and profits in an amount exceeding $2,000.000 by reason of RICO violation and each Defendant is liable jointly and severely in an amount exceeding $2,000,000. (See Exhibit Q attached hereto)

105.    Plaintiff is entitled to actual damages, treble damages, and attorney's fees.


WHEREFORE, Plaintiff demands judgment as follows:

A.  Judgment for the conversion of its funds in an amount to be determined at trial with interest from November 2015.

B.  Judgment for fraud and misrepresentation, which has caused damages in the person and business in an amount to be determined at trial, with interest and attorney fees in accordance with Ohio Revised Code §4113.61.

C.  Judgment on account in the principal amount of $28,466.86 with interest from February 15, 2017.

D.  Judgment against defendant for unjust enrichment in amount to be determined at trial.

E.  An award against defendants, jointly and severally, pursuant to 18 U.S.C. §1964(c) of threefold the damages plaintiff suffered on the Sixth and Seventh Causes of Action.

F.  An award against defendants, jointly and severally, pursuant to 18 U.S.C. §1964(c) of costs of this suit, including reasonable attorney fees on Sixth and Seventh Causes of Action.

G.  Punitive damages.

H.  Attorney fees, costs and expenses as to the First, Second, Third and Fourth Causes of Action.

I.  Other equitable relief to which Plaintiff may be entitled.

F.HARRISON GREEN CO., L.P.A.


_____/s/ *F. Harrison Green*_____
F. Harrison Green
Attorney for Plaintiff, Granger Plastics Company
Ohio Supreme Court Reg. #0039234
Executive Park, Suite 230
4015 Executive Park Drive
Cincinnati, Ohio 45241
Tel. (513) 769-0840
Fax (513) 563-2953
fhgreen@fuse.net


## **JURY DEMAND**

Plaintiff hereby demands that this matter be tried before a jury of its peers.


_____/s/ *F. Harrison Green*_____
F. Harrison Green
Attorney for Plaintiff, Granger Plastics Company

22

## **VERIFICATION**

STATE OF OHIO      }
                 } ss:
COUNTY OF HAMILTON  }

      I, James A. Cravens, President of Granger Plastics Company, state that I am authorized in

the premises, have read the foregoing Complaint and have further read the pleading I believe

them to be true to the best of my knowledge and belief.

GRANGER PLASTICS COMPANY

By: _____
        JAMES A. CRAVENS

      Sworn to before me and subscribed in my presence this ⟨9th⟩ day of May, 2017.

_____
Notary Public

LISA S. KETTLEHAKE
Notary Public, State of Ohio
My Commission Expires
April 26, 2019

23